IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NEWBORN NIGHTINGALES, LLC<br><br>Plaintiff,<br><br>v.<br><br>NIGHTINGALE NIGHT NURSES, LLC,<br><br>Defendant. | Civil Action No. 4:24-cv-419<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Newborn Nightingales, LLC, ("Plaintiff" or "NN") by and through its undersigned counsel, hereby files this Original Complaint against Nightingale Night Nurses, LLC ("Defendant") and in support thereof respectfully states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Newborn Nightingales, LLC is a Texas limited liability company with its principal office located in Fort Worth, Tarrant County, Texas.

2. Defendant Nightingale Night Nurses, LLC is a Massachusetts limited liability company with a principal place of business at 4 Colony Road, Hadley, MA 01035 and can be served through its registered agent, Kristin L. Smith-Pilorge at 96 Conant Road, Athol, MA 01331.

3. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) as it involves claims presenting federal questions under 15 U.S.C. § 1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts). This Court also has supplemental jurisdiction over the Texas and Massachusetts statutory and common law claims under 28 U.S.C. §§ 1338(b) and 1367(a) because these claims are so related to the claims

under which the Court has original jurisdiction that it forms part of the same case and controversy under Article III of the United States Constitution.

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts and solicits business within the State of Texas and in the Northern District of Texas (this "District"); Defendant, directly and/or through intermediaries, offers for sale, sells, and/or advertises newborn care services to consumers and retailers in the State of Texas and in this District; and Defendant committed acts of infringement and unfair competition in the State of Texas and in this District.

Venue is proper in this District under 28 U.S.C. § 1391 (b)(1), (b)(2) and (c)(2) because this Court has personal jurisdiction over Defendant in this District, and a substantial part of the events or acts giving rise to the claims occurred in this District in that Defendant has transacted business in this District, has committed acts of trademark infringement and unfair competition in this District, and has harmed Plaintiff, which resides in this District.

## SUBSTANCE OF THE ACTION AND FACTUAL BACKGROUND

5. Founded in 2012, NN is a Texas based business specializing in providing new parents with supportive newborn and infant care/sleep consultations and in-home night nanny services.

6. In addition to common law trademark rights, NN owns the following U.S. federal registrations for NEWBORN NIGHTINGALES and variants thereof (collectively, the "Marks") in the United States Patent and Trademark Office ("USPTO") for:

| MARK | REGISTRATION NO. | GOODS/SERVICES |
|---|---|---|
| NEWBORN NIGHTINGALES | Reg. No. 5,140,138 | Class 45: Nanny Services |

| NEWBORN NIGHTINGALES | Reg. No. 5,384,871 | Class 44: Consulting services in the field of child and infant sleep management |

7. Registration No. 5,140,138 was filed on January 7, 2016 and registered on February 14, 2017.

8. Registration No. 5,384,871 was filed on June 14, 2017, registered on January 23, 2018.

9. Since 2012 respectively, NN has extensively and continuously used the Marks to identify nanny services and newborn sleep consulting throughout the United States.

10. Upon information and belief, Defendant started operating under the brand Nightingale Night Nurses exclusively in the Boston, Massachusetts in or about 2015 in connection with nanny services and newborn sleep consulting.

11. Upon information and belief, Defendant expanded its services to multiple other states in 2024, including Texas. Such unauthorized use of the Marks continues to this day.

12. Defendant's electronic internet marketing is targeted to potential customers in this District.

13. Upon information and belief, Defendant adopted and used the Nightingale brand in order to trade off NN's established brand recognition and goodwill, and the same has been broadcast to the public in commercial advertising by Defendant.

14. Defendant is responsible for openly and actively advertising in an infringing manner, both in this District and throughout the United States.

15. Defendant's infringing brand and the Marks are marketed to exactly the same group of consumers, namely individuals seeking newborn sleep consultations and nanny services.

16. Defendant's infringing brand and the Marks are broadcast to consumers in exactly the same locations.

17. Defendant's infringing brand and the Marks are for the exact same services, namely newborn sleep consultations and nanny services.

18. NN has at no time granted to Defendant any permission or license to use the Marks.

19. The use of the Marks by Defendant is unauthorized and without permission.

20. Defendant's conduct harms NN and tits trademark rights and has, and is, causing damage to NN needlessly.

21. Defendant's infringing brand has been used by Defendant and offered to the public utilizing this District as a forum for Defendant's infringing activities with actual and/or constructive knowledge that neither are genuine nor authorized by NN.

22. Defendant engaged in the widespread, regular and systematic transaction of business under the infringing brand.

23. Defendant committed tortious acts in Texas, including within this District, and is subject to the jurisdiction of this Court.

24. By using the infringing brand and offering services for sale thereunder, Defendant, on a widespread basis, misrepresented and falsely described to the general public the origin and source of Defendant's services so as to deceive the public and deliberately create the likelihood of consumer confusion, which can include, but is not limited to, initial interest confusion and "reverse confusion" as that term is recognized under the law.

25. By using the infringing brand, and offering services for sale thereunder, Defendant has caused and continues to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Defendant with NN, or as to the origin, sponsorship, or approval of

Defendant's services, or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendant's services.

26. Upon information and belief, Defendant's services offered under the infringing brand, to the extent that they are not the genuine article of NN and not fully authorized by NN, are or may be inferior in quality to the services authorized to be sold by NN, and the sale thereof has, does, and will continue to damage and dilute the goodwill NN have developed in connection with offering legitimate, authorized services under the Marks.

27. Defendant, upon information and belief and with full knowledge of the notoriety of NN's Marks, intended to, and did, trade on the goodwill associated with NN, and misled and will continue to confuse, deceive and mislead the public in this regard.

28. Defendant advertised, distributed, offered for sale, and/or sold in the state of Texas and in interstate commerce, related services under the infringing brand, thus creating the likelihood of confusion, deception, and mistake as to the source, affiliation, connection, or association of NN's genuine services, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities.

29. For each of the above reasons, Defendant's advertising and sale of newborn sleep consultations and nanny services in U.S. commerce and under the infringing brand, which are sold in direct competition with Plaintiff's services sold under the Marks, is likely to cause confusion, or to cause mistake, or to deceive and mislead as to the source, origin, sponsorship or approval of Defendant's services and suggest that Defendant has or its services have an affiliation, sponsorship with or approval by NN, which it does not have.

30. NN brings this action to obtain injunctive relief to stop Defendant's ongoing illegal trademark use, infringement, unfair competition, and dilution of its Marks and to seek damages sustained as a result of Defendant's unlawful actions, plus attorneys' fees, costs and other relief.

## COUNT ONE

### Infringement of a Federally Registered Trademark
### 15 U.S.C. § 1114(1)(a)

31. Plaintiff incorporates herein and realleges all previous paragraphs of its Complaint.

32. Defendant's acts, as alleged herein, with respect to Defendant's infringement of Plaintiff's Marks, are likely to cause public confusion, mistake, or deception, and constitute trademark infringement in violation of 15 U.S.C. § 1117.

33. Defendant's acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

34. As a result, Plaintiff has suffered damages with interest.

35. Plaintiff is also entitled to injunctive relief under 15 U.S.C. § 1116(a). Unless Defendant's unlawful conduct is enjoined, Plaintiff has no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a) Plaintiff's Marks are unique and valuable property which have no readily determinable market value; (b) Defendant's infringement constitutes harm to Plaintiff such that Plaintiff could not be made whole by a monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing services, and (d) Defendant's wrongful conduct, and the resulting damage to Plaintiff, is continuing and ongoing, since Defendant currently sells newborn sleep consultations and nanny services throughout the U.S., including in this District.

36. Upon information and belief, Defendant's actions have been willful and deliberate within the meaning of the Lanham Act and amount to exceptional circumstances, justifying an award of attorneys' fees to Plaintiff under 15 U.S.C. § 1117.

## COUNT TWO

### Federal Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125

37. Plaintiff incorporates herein and realleges all previous paragraphs of its Complaint.

38. Defendant's acts, as alleged herein, and specifically, without limitation, Defendant's use in U.S. commerce of the confusingly similar infringing marks in the distribution, marketing, promotion, offering for sale, and sale of newborn sleep consultations and nanny services constitutes unfair competition and false designations of origin and false descriptions or representations, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1125.

39. Defendant's acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

40. As an actual and proximate cause of Defendant's conduct, Plaintiff has suffered damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in the Marks in an amount to be determined at trial. Plaintiff are entitled to recover from Defendant all damages sustained due to Defendant's improper conduct, and Defendant's profits from its improper conduct, in an amount to be proven at trial, and to be trebled, under 15 U.S.C. § 1117.

41. Unless Defendant is permanently enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.  Plaintiff has no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a) Plaintiff's Marks are unique and valuable property which have no readily determinable market value; (b)

Defendant's infringement constitutes harm to Plaintiff such that Plaintiff could not be made whole by a monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing newborn sleep consultations and nanny services, and (d) Defendant's wrongful conduct, and the resulting damage to Plaintiff, is continuing and ongoing, since Defendant currently sells newborn sleep consultations and nanny services under the infringing brand.

42. Upon information and belief, Defendant has gained profits by virtue of its infringement to the Marks.

43. Defendant's actions have been knowing, willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Plaintiff under 15 U.S.C. § 1117.

## COUNT THREE

### Texas Common Law Unfair Competition

44. Plaintiff incorporates herein and realleges all previous paragraphs of its Complaint.

45. Plaintiff is in the business of offering newborn sleep consultations and nanny services throughout the United States, including services identified by the Marks. Plaintiff developed and offers such services through the investment of extensive time, labor, skill, and money.

46. Defendant's actions described above and specifically, without limitation, Defendant's use in U.S. commerce of the confusingly similar marks, in direct competition with Plaintiff, in the distribution, marketing, promotion, offering for sale, and sale of newborn sleep consultations and nanny services. Such wrongful conduct wrongfully trades on Plaintiff's long-standing and hard-earned goodwill in its Marks and the reputation established by Plaintiff in connection with its services, passes-off Defendant's services in commerce as that of Plaintiff, and

limits Plaintiff's ability to interact with distributors and end user consumers and gain revenue through the sale of services using the Marks.

47. As a result of Defendant's unlawful use in commerce of the infringing brand, which are confusingly similar to the Marks, consumers are likely to be misled, deceived and confused as to the origin, sponsorship, or affiliation of Defendant's newborn sleep consultations and nanny services.

48. Defendant's unauthorized and tortious conduct also has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of the services offered for sale and sold under its Marks, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant.

49. By engaging in the aforesaid acts, Defendant is unfairly competing with Plaintiff by gaining a special advantage in the marketplace. In particular, Defendant's conduct has enabled Defendant to earn profits to which Defendant is not in law, equity or good conscience entitled, and has unjustly enriched Defendant because Defendant is burdened with little or none of the expenses that Plaintiff incurred in developing and promoting its services.

50. Defendant's tortious and unlawful actions in promoting and selling its own services in direct competition with Plaintiff interfered with Plaintiff's ability to conduct business and caused Plaintiff to suffer damages in an amount to be proven at trial.

51. Defendant's tortious and unlawful actions in promoting and selling its own services in direct competition with Plaintiff was intentional, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

52. Defendant's tortious and unlawful actions in promoting and selling its own services in direct competition with Plaintiff will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

### COUNT FOUR

**Trademark Dilution by Blurring**
**Tex. Bus. & Com. Code § 16.103**

53. Plaintiff incorporates herein and realleges all previous paragraphs of its Complaint.

54. Plaintiff is the owner of all rights and title to, and has valid and protectable prior rights to the Marks.

55. The Marks are famous in the state of Texas as they are widely recognized by the public throughout the Fort Worth area, and in Texas as a whole, as a designation of the source of Plaintiff's services.

56. The Marks are distinctive, having been federally registered since at least 2018, and by virtue of Plaintiff's long and continuous use and promotion of the Marks in the Fort Worth area, and in Texas as a whole, since at least as early as 2013.

57. The Marks became famous prior to Defendant's use of the infringing brand.

58. Defendant's use of the infringing brand in connection with its own services constitutes knowing and willful trademark dilution in violation of Texas Business & Commerce Code § 16.103 in that such use is likely to blur the distinctive quality of the Marks.

59. Defendant's actions, as described above, has caused, and unless enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law, which entitles Plaintiff to an injunction under Texas Business & Commerce Code § 16.103(c).

60.     Defendant's actions, as described above, were willful, which entitles Plaintiff to damages under Texas Business & Commerce Code § 16.103(c), enhanced damages under Texas Business & Commerce Code § 16.104(c)(1), and reasonably attorneys' fees under Texas Business & Commerce Code § 16.104(c)(2).

## DEMAND FOR JURY TRIAL

61.     Under Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all claims and issues triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.     That the Court award judgment to Plaintiff on all counts of the Complaint;

2.     That Plaintiff be granted injunctive relief under 15 U.S.C. § 1116(a), Texas Business & Commerce Code § 16.103(c), and Texas common law enjoining Defendant, its officers, agents, servants, employees, and attorneys and those other persons who are in active concert or participation with any of the foregoing persons, from:

(a)     developing, manufacturing, importing, using, marketing, selling, offering for sale, distributing nanny services and newborn sleep consulting under Defendant's infringing brand, or any variant thereof which is a colorable imitation of or otherwise likely to be mistaken for or confused with Plaintiff's Marks;

(b)     otherwise infringing or diluting upon Plaintiff's Marks or using any other trademarks that are confusingly similar to the Marks or making any other unlawful use of the Marks; and

(c)     otherwise unfairly competing with Plaintiff or using any false designation of origin or false description or engaging in any deceptive trade practice, or trading off of Plaintiff's reputation or goodwill, or injuring Plaintiff's reputation with consumers and

regulators or performing any act which is likely to lead members of the consuming public to believe that any services distributed, offered for sale, or sold by Defendant is in any matter associated or connected with Plaintiff, or is licensed, sponsored, approved, or authorized by Plaintiff;

4. That Plaintiff has a judgment against Defendant for any and all profits derived by Defendant and all damages sustained by Plaintiff by reason of the acts hereinabove complained of and that the damages be trebled under 15 U.S.C. § 1117 and/or Texas Business & Commerce Code § 16.104(c)(1), and/or enhanced under Texas Civil Practice & Remedies Code § 41.003(a), due to the willful and deliberate nature of Defendant's actions;

5. That Plaintiff has a judgment against Defendant for Plaintiff's reasonable costs and attorneys' fees under 15 U.S.C. § 1117(a) and/or Texas Business & Commerce Code § 16.104(c)(2), or as otherwise permitted by law; and

6. That the Court grant such other relief as it deems just and equitable.

Dated: May 9, 2024                                  Respectfully submitted,


                                                    */s/ R. Casey O'Neill*
                                                    R. Casey O'Neill
                                                    State Bar No. 24079077
                                                    casey@rcolawfirm.com
                                                    O'NEILL LAW, PLLC
                                                    4916 Camp Bowie Blvd.
                                                    Fort Worth, TX 76107
                                                    (817) 286-5500 (Telephone)

                                                    **ATTORNEY FOR NEWBORN NIGHTINGALES, LLC**